# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL DARNELL YATES, | ) | CASE NO. 5:19 CV 1802 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| PRESIDENT DONALD TRUMP, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Samuel Darnell Yates filed this action against President Donald Trump. In the Complaint, Plaintiff alleges he received an email purporting to be from the First Lady, Melania Trump, promising him fifty million dollars as compensation for being defrauded by an earlier email scam from Benin, Africa. He simply had to provide $ 250.00 in the form of an i-tunes gift card for a presidential immunity waiver certification. He received another email then informing him he would be required to pay a delivery fee. He seeks the fifty million dollars he was promised in the email.

Plaintiff filed an Application to Proceed *In Forma Pauperis*. That Application is granted

## I.     Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**II.     Analysis**

As an initial matter, Plaintiff does not specify the legal claim or claims he intends to assert. The only possible claim the Court can liberally construe from the pleading is one of breach of contract. To have a binding contract, however, the parties must agree to the terms as

actually expressed through the offer and acceptance, and must have a meeting of the minds as to those terms. *Spectrum Benefit Options, Inc. v. Med. Mut. of Ohio*, 880 N.E.2d 926, 926 (Ohio App. 4 Dist. 2007). Although the email in this case contains the name of the First Lady and purports to be authorized by the President, there is no indication that it is a legitimate offer by either of them. In fact, it appears to be another email scam by someone posing as the First Lady, hoping to lure Plaintiff into sending money with the unsolicited promise of receiving a large sum of money in return. Plaintiff failed to allege facts suggesting he had an enforceable contract with either the President or the First Lady.

**IV.     Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: 12/11/19                                         /s/ *John R. Adams*
                                                       JOHN R. ADAMS
                                                       UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.